IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-36-FL-1
NO. 7:16-CV-135-FL

| | | |
|---|---|---|
| STANLEY ANDREA CLYBURN, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 53), which challenges, inter alia, petitioner's conviction and sentence for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 65), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's motion to vacate.

**BACKGROUND**

On June 1, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count three); and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g) (count six). On March 25, 2011, the court sentenced petitioner to concurrent terms of 116 months' imprisonment on counts one and six, and a consecutive term of

60 months' imprisonment on count three. On August 5, 2014, the court reduced the sentence to concurrent terms of 92 months' imprisonment on counts one and six, and a consecutive term of 48 months' imprisonment on count three, producing an aggregate custodial sentence of 140 months.

On June 8, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction and armed career criminal and career offender designations should be vacated in light of Johnson. On July 14, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay on July 15, 2016. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 19, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 16, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Respondent filed the instant motion to dismiss on February 4, 2020, arguing petitioner's motion to vacate should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 20, 2020, petitioner responded to the motion to dismiss, conceding that Mathis establishes he is not entitled to habeas relief.

# DISCUSSION

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.     Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

3

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence.  Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237.  The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A).  Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid.  See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is Hobbs Act robbery[1] in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause.  See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)").  Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.  As to petitioner's challenge to his advisory career offender enhancement, the claim is not cognizable in a habeas corpus proceeding.  See United States v. Foote, 784 F.3d 931 (4th Cir. 2015); see also Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding advisory sentencing Guidelines are not subject to void-for-vagueness challenge based on Johnson and its progeny).

Petitioner also asserts that his designation as an armed career criminal under 18 U.S.C. § 924(e) should be vacated under Johnson.  Respondent argues that petitioner was not sentenced as an armed career criminal, or in the alternative that his armed career criminal designation had no

---

[1] The indictment charged petitioner with possessing a firearm in furtherance of substantive Hobbs Act robbery as charged in count two, which was dismissed at sentencing.  (Indictment (DE 1)).  Petitioner's § 924(c) conviction, however, does not require conviction on the predicate crime of violence.  See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Furthermore, although count two alleged defendant committed both substantive and attempted Hobbs Act robbery, the § 924(c) conviction was based solely on substantive Hobbs Act Robbery.  (See Indictment (DE 1)).

4

impact on the aggregate sentence in light of the sentences on the remaining counts. Petitioner fails to address this issue in his counseled response to respondent's motion to dismiss. The court construes petitioner's failure to respond as concession that this claim is without merit or otherwise moot in light of the aggregate sentence. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (explaining that when party fails to respond to motion to dismiss, the district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion).

C.  Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 65), and DENIES petitioner's motion to vacate (DE 53). A certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

5

SO ORDERED, this the 27th day of October, 2020.

                                              _____
                                              LOUISE W. FLANAGAN
                                              United States District Judge